(No. 83-CV-0300-)

*In re* APPLICATION OF PATRICIA BENNETT.

*Opinion filed February 8, 1984.*

PATRICIA BENNETT, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on July 17, 1982. Patricia Bennett, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on September 27, 1982, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Patricia Bennett, age 30, was a victim of a violent crime, as defined in section 2(c) of the Act (Ill. Rev. Stat. 1977, ch. 70, par. 72(c)), to wit: assault (Ill. Rev. Stat. 1979, ch. 38, par. 12—1).

2. That on July 17, 1982, the Claimant was assaulted by an unknown offender in an unprovoked attack. The incident occurred on the street at 6635 North Olmsted, Chicago, Illinois. The Claimant was taken to Resurrection Hospital for treatment.

A suspected offender was arrested. However, he was released without being charged after the Claimant could not make a positive identification.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That the Claimant incurred medical/hospital expenses in the amount of $823.22, $481.20 of which was

paid by insurance, leaving a balance of $342.02. The Claimant has paid the entire balance.

5. That the Claimant was employed by GCA Corporation prior to the incident and her average monthly earnings were $641.00. Claimant was disabled and unable to work from July 19, 1982, to October 4, 1982, a period of two months and 10 working days.

6. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

7. That based on $641.90 per month, the maximum compensation for loss of earnings for two months and 10 working days is $1,575.80.

8. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

9. That pursuant to section 10.1(e) of the Act (Ill. Rev. Stat., ch. 70, par. 80.1(e)), this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

10. That the Claimant has received $1,099.61 in

disability benefits in reimbursements that can be counted as an applicable deduction.

11. That the Claimant is entitled to an award based on the following:

| | |
|---|---|
| Compensable loss of earnings | $1,575.80 |
| Net medical/hospital expenses | 342.02 |
| Total | $1,917.82 |
| Less disability benefits | − 1,099.61 |
| Less $200.00 deductible | − 200.00 |
| Total | $ 618.21 |

It is hereby ordered that the sum of $618.21 (six hundred eighteen dollars and twenty-one cents) be and is hereby awarded to Patricia Bennett, an innocent victim of a violent crime.